# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1053

_____

John T. Moss

*Plaintiff - Appellant*

v.

Corizon, Inc., formerly known as Correctional Medical Services; Rick Hallworth, Chief Executive Officer, Corizon; Kevin Bice, Vice President, Corizon; J M Courtney, Senior Vice President, Corizon; Jack Davidson, Chief Medical Officer, Corizon; Pearson, Arkansas Prison Regional Director, Corizon; Dr. Ojiugo Iko, Corizon; Roland Anderson, Former Arkansas Regional Director, ADC; Jennifer McBride, Health Services Administrator, Corizon; Connie Hubbard, Nurse, Corizon; Glenn Brown, Director of Nursing, Corizon; Burnett, Nurse, Corizon; Larry May, Chief Deputy Director, Arkansas Department of Correction; Wendy Kelley, Deputy of Health Services, Arkansas Department of Correction; Grant Harris, Deputy Director, Arkansas Department of Correction; Jimmy Banks, Warden, Varner Unit, ADC; Daryl Golden, Former Assistant Warden, Varner Unit, ADC; Clark, Captain, Varner Unit, ADC; Bradley, Lt., Varner Unit, ADC; Barrow, Lt., Varner, Unit, ADC; Tate, Sgt., Varner, Unit, ADC; Young, Sgt., Varner, Unit, ADC; J. Madden, Sgt., Varner, Unit, ADC; C. Jones, Sgt., Varner, Unit, ADC; Gardner, Sgt., Varner, Unit, ADC; Thompson, Sgt., Varner, Unit, ADC; Turner, Correctional Officer, Varner Unit, ADC; Rayford, Correctional Officer, Varner Unit, ADC; Powell, Correctional Officer, Varner Unit, ADC; Knight, Correctional Officer, Varner Unit, ADC; S. Hudson, Correctional Officer, Varner Unit, ADC; Austin, Correctional Officer, Varner Unit, ADC; Hudgens, Correctional Officer, Varner Unit, ADC; Moton, Correctional Officer, Varner Unit, ADC; Shorter, Correctional Officer, Varner Unit, ADC; Angela Dobbs, Correctional Officer, Varner Unit, ADC; Louis, Varner Unit, ADC; Shabazz

*Defendants - Appellees*

_____

_____

Submitted: December 17, 2015
Filed: February 25, 2016
[Unpublished]

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

John T. Moss is imprisoned at the East Arkansas Regional Unit of the Arkansas Department of Corrections. The Department contracts with Corizon, LLC to provide prisoners with medical care. Nurse Connie Hubbard and Dr. Roland Anderson were responsible for treating Moss.

Moss suffers from Hepatitis C. In 2008, he underwent a clinical work-up to determine his eligibility for Interferon—a toxic treatment that combats symptoms of Hepatitis C. He did not begin Interferon treatments, allegedly due in part to his liver problems and in part to Hubbard's refusal to fill out the necessary paperwork. In June 2009, Moss had by-pass surgery, leaving his heart too weak to begin Interferon treatments.[1] In 2011, doctors again considered Moss's eligibility for Interferon. Hubbard filled out a consult request and sent the necessary paperwork to Dr. Anderson for approval. Moss's clinical work-up contraindicated Interferon.

_____

[1] After the surgery, Moss's ejection fraction—measuring the heart's ability to pump blood—was between 15 and 20. An ejection fraction below 40 indicates heart failure.

Moss filed two grievances about his Hepatitis C treatment. The first, filed in 2008, named Corizon. The second, filed in 2011, named Hubbard and Dr. Anderson. On September 11, 2012, Moss filed a § 1983 action, alleging deliberate indifference to his serious medical needs. The district court[2] dismissed the case on summary judgment, finding (1) the statute of limitations barred claims for conduct before 2009, (2) Moss failed to exhaust his claim against Corizon, and (3) Moss's claims against Hubbard and Dr. Anderson failed on the merits. Summary judgment orders are reviewed de novo. *Torgeson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

State law supplies the limitations period for § 1983 actions. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). Arkansas imposes a three-year statute-of-limitations on personal injury claims. Ark. Code Ann. § 16-56-105. Under the continuing-course-of-treatment doctrine, a cause of action accrues "at the end of a continuous course of medical treatment for the same or related condition even if the negligent act or omission has long since ended." *Lane v. Lane*, 752 S.W.2d 25, 27 (Ark. 1988). The doctrine does not apply "to claims based on single, isolated acts of negligence." *Pledger v. Carrick*, 208 S.W.3d 100, 104 (Ark. 2005). It is undisputed that Moss received no treatment or tests for Hepatitis C between 2009 and 2011. Acts before 2009 were not part of a course of continuing treatment with acts in 2011. The district court did not err in limiting Moss's deliberate indifference claim to acts occurring after September 10, 2009.

Prisoners must exhaust administrative remedies before filing federal claims. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

---

[2] The Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). To exhaust, prisoners must "complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation omitted). In Arkansas, a grievance must "specifically name each individual involved. . . ." *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014), *quoting* ADC Administrative Directive 09-01. Because Moss did not file a grievance against Corizon during the limitations period, he failed to exhaust his administrative remedies for claims against Corizon.

Moss did exhaust administrative remedies for one grievance, filed within the limitations period. It named Hubbard and Dr. Anderson and serves as the basis for his deliberate indifference claim against them. Deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference requires a highly culpable state of mind approaching actual intent. *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993). "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. "A prison official is deliberately indifferent if she 'knows of and disregards' a serious medical need or a substantial risk to an inmate's health or safety." *Nelson v. Correctional Med. Servs.*, 583 F.3d 522, 529 (8th Cir. 2009) (en banc), *quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Regarding the alleged misconduct, Moss's own expert testified, "My feeling is the deviations occurred only in 2008 up until June of 2009. Anybody that became involved after that period of time—other than the fact that he's not being treated now, when he probably should be—do not fall below the standard of care." Claims of

misconduct before 2009 are barred by the statute of limitations, and claims of misconduct after the filing of this lawsuit have not been administratively exhausted. It is undisputed that between 2009 and the filing of this suit, Moss was not eligible for Interferon treatments.

The district court did not err in dismissing the claims against Hubbard and Dr. Anderson on the merits.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____